IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LISA HYNES,
    Plaintiff,

vs.                                            Case No.:  3:07cv245/LAC/EMT

MICHAEL J. ASTRUE,
Commissioner of the
Social Security Administration,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

        This matter is before the court upon Plaintiff's Motion for Attorney's Fees and Expenses Under the Equal Access to Justice Act ("EAJA") (Doc. 27) and Defendant's response and amended response to Plaintiff's motion (Docs. 31, 33). Plaintiff seeks an award of attorney fees amounting to $7,716.77, filing fee costs of $350.00, and additional costs in the amount of $222.58, for a total award of $8,289.35.[1] Defendant has responded to Plaintiff's motion, stating that while he does not contest an award of fees and expenses, he objects to the amount of attorney's fees sought by Plaintiff because the hours billed are excessive (*see* Doc. 31). In Defendant's supplemental response, Defendant asserts that the parties have agreed to a lesser amount of attorney fees in the amount of $5,564.10 (Doc. 33).

        The Equal Access to Justice Act, 28 U.S.C. § 2412, allows for the award of attorney fees and other expenses against the government provided, 1) the party seeking such fees is the "prevailing party" in a civil action brought by or against the United States; 2) an application for such fees, including an itemized justification for the amount requested, is timely filed within 30 days of the final judgment in the action; 3) the position of the government is not substantially justified; and 4)

---

[1] Also before the court is Plaintiff's "Unopposed Motion for Payment of Filing Fee" (Doc. 34), in which Plaintiff appears to seek payment of the same $350.00 filing fee as requested in Document 27.

no special circumstances make an award unjust. The absence of any one of the above factors precludes an award of fees. 28 U.S.C. § 2412(d)(l)(A), (B).

In the instant case, it is clear that Plaintiff is the "prevailing party," as she obtained an outright reversal of the Commissioner's decision and was awarded full disability benefits (*see* Doc. 25). Additionally, Plaintiff's application was timely and properly filed, the government's position was not substantially justified, and no special circumstances make an award unjust. Moreover, Defendant does not disagree that fees and expenses should be paid in this case (Docs. 31, 33). Accordingly, Plaintiff is clearly entitled to fees and costs.

With regard to the question of the reasonableness of the fee sought, 28 U.S.C. § 2412(d)(2)(A) states:

> (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.)

Based upon the agreement reached by the parties (*see* Doc. 33), Plaintiff's attorney seeks compensation for 33 hours spent representing Plaintiff in court-related proceedings and in obtaining an award of fees and costs from the court. Plaintiff seeks compensation at the rate of $175.67 per hour, based upon a change in the Consumer Price Index ("CPI"), for 7.7 hours of work performed in 2008 ($1352.66); and $166.46 per hours for 25.3 hours of work performed in 2007 ($4,211.44), which totals $5564.10. Defendant does not contest the reasonableness of the hourly rate, nor the hours claimed (as subsequently agreed upon by the parties) and the undersigned finds the rates and agreed-upon hours reasonable. *See* Faciane v. Barnhart, Case No. 5:02cv26/MD (N.D. Fla. March 5, 2004) (awarding attorney's fees at the rate of $145.00/hour based upon a change in the CPI). Thus, attorney fees totaling $5564.10, filing fee costs in the amount of $350.00, and additional costs in the amount of $222.58 should be awarded; however, the filing fee should be paid from the Judgment Fund administered by the United States Treasury.

The remaining question is who is entitled to the award.[2] Here, Plaintiff agreed to assign any award under the EAJA to her counsel (*see* Doc. 29, attach.). Accordingly, the undersigned concludes that the award should be payable to counsel for Plaintiff and not Plaintiff.

Accordingly, it is respectfully **RECOMMENDED** that:

1. Plaintiff's Motion for Attorney Fees/Expenses (Doc. 27) be granted to the following extent:

    Plaintiff's counsel, Stephanie A. Taylor, Esquire, is entitled to recover fees in the amount of $5564.10 for representing Plaintiff before the United States District Court for the Northern District of Florida pursuant to 28 U.S.C. § 2412 ("EAJA"); the amount of attorney fees requested under the EAJA is reasonable; and the Commissioner is directed to pay counsel that amount. Costs in the amount of $222.58 and $350.00 are also awarded to counsel, but the $350.00 cost award, which represents the filing fee, is to be paid from the Judgment Fund of the United States Treasury.

2. Plaintiff's Unopposed Motion for Payment of Filing Fee (Doc. 34) be **DENIED** as moot.

At Pensacola, Florida, this 10th day of November 2008.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

---

[2] In Reeves v. Astrue, 526 F.3d 732 (11th Cir. 2008), *petition for cert. filed*, Case No. 08-5605 (Aug. 1, 2008), the court clarified that an EAJA award, such as the award in the instant case, shall be awarded to the "prevailing party," not to the prevailing party's attorney. Although Reeves did not address the payment of EAJA fees directly to counsel where the prevailing plaintiff has assigned his or her interest to the attorney, the undersigned follows the common practice of other courts in our district and circuit by recommending payment to counsel when an assignment of benefits has been included with counsel's petition. *See, e.g.*, Turner v. Astrue, Case No. 5:07cv9/RS/EMT (awarding EAJA fee to counsel for Plaintiff where valid EAJA assignment had been made); Buffin v. Astrue, 2008 WL 2605475, at *2 (M.D. Fla. June 30, 2008) (same).

Case No.:  3:07cv245/LAC/EMT