IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LISA HYNES,
    Plaintiff,

vs.                                                        Case No.:  3:07cv245/LAC/EMT

MICHAEL J. ASTRUE,
Commissioner of the
Social Security Administration,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

        This cause is before the court upon a "Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b)" and supporting documentation filed by Plaintiff's counsel (hereafter "Petitioner") (Doc. 29), and Defendant's response thereto (Doc. 32).  Pursuant to 42 U.S.C. § 406(b), Petitioner seeks attorney's fees for services provided to Plaintiff in connection with her claim for Disability Insurance Benefits (DIB) (*see* Docs. 1, 29).

I.      BACKGROUND

        Petitioner was appointed by Plaintiff to represent her in connection with her claim for DIB (Doc. 29, Ex. 3).  Plaintiff signed a fee agreement with Petitioner in which she agreed to payment of attorney's fees equaling 25% of any accumulated past due benefits paid to her in the event of the successful prosecution of her claim (*id.*).  Plaintiff's claim was denied initially and upon reconsideration by the Commissioner of the Social Security Administration (Commissioner) (*see, e.g.*, Doc. 19).  Her claim was also denied after a hearing, and the Appeals Council subsequently denied Plaintiff's request for review (*id.*).

        On June 8, 2007, Petitioner filed a civil action in this court on Plaintiff's behalf, seeking review of the final decision of the Commissioner (*id.*; *see also* Doc. 1).  On November 9, 2007, Petitioner filed a 25-paged memorandum in support of Plaintiff's complaint (Doc. 12).

        On July 9, 2008, pursuant to sentence four of 42 U.S.C. § 405(g), the decision of the

Commissioner was reversed, and this action was remanded to the Commissioner with directions to enter a finding of total disability and award disability benefits to Plaintiff (Doc. 25).[1]  Plaintiff was subsequently awarded a sizable amount of past due benefits (*see* Doc. 29 at 1 and Ex. 4).

II.     ANALYSIS

In the instant motion, Petitioner has requested a fee of $13,106.50 for 45.90 hours of work spent representing Plaintiff in federal court, while acknowledging that she must refund to Plaintiff any award received under the EAJA (*see* n.1, *supra* (request under the EAJA for award in the amount of $5564.10 is pending)) (Doc. 29 at 1–2).  The amount requested by Petitioner is derived from a notice received by Petitioner indicating that $13,106.50 in past due benefits is being withheld from Plaintiff's award by the Commissioner's Office of Central Operations, in anticipation of direct payment of an authorized attorney's fee (Doc. 29, Ex. 4).[2]

The instant request by Petitioner is made pursuant to 42 U.S.C. § 406(b),[3] and does not exceed the maximum recovery permitted under the terms of that statute.  In support of Petitioner's argument that the amount requested is reasonable, Petitioner notes that she spent 45.90 hours litigating Plaintiff's case in this court, she obtained a favorable result for Plaintiff (i.e., an award totaling $52,426.00), she is well experienced in this area of the law, which increased the likelihood of obtaining a favorable outcome for Plaintiff with a minimum expenditure of attorney time, and that she has a lengthy attorney-client relationship with Plaintiff (*see* Doc. 29 & Exs. 1, 3).  Further,

---

[1]Petitioner subsequently sought an award of fees in the amount of $5564.10, for representing Plaintiff before the United States District Court for the Northern District of Florida, pursuant to 28 U.S.C. § 2412 (the Equal Access to Justice Act ("EAJA")) (*see* Docs. 27, 31, 33, 35).  The undersigned issued a Report and Recommendation ("R and R") on November 10, 2008, recommending that Petitioner's request be granted (Doc. 35), and the R and R is presently awaiting referral to the district court.

[2]Although the notice does not indicate the precise amount awarded to Plaintiff in past due benefits, the total award must have amounted to $52,426.00, because $13,106.50 is 25% of $52,426.00 (*see* Doc. 29 at 1 & Ex. 4 at 3).  The Commissioner has not disputed these calculations or figures (*see* Doc. 32).

[3]Section 406(b) provides, in pertinent part, that
Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

Case No.:  3:07cv245/LAC/EMT

Petitioner states that the fee is reasonable because Plaintiff agreed to pay a fee of 25% of her past-due benefits, and the amount requested is consistent with the agreement (Doc. 29 & Ex. 3).

The Commissioner does not specifically object to the amount sought by Petitioner; rather, the Commissioner requests only that the court "independently determine if such amount is reasonable" (Doc. 32 at 1–2).

Attorneys handling Social Security proceedings may seek fees for their work under two different statutory provisions, the EAJA and 42 U.S.C. § 406. The EAJA allows for an award of attorney fees against the government when the party seeking fees is the prevailing party in a civil action brought against the United States. 28 U.S.C. § 2412. Fees under the EAJA penalize the Commissioner for assuming an unjustified legal position and are paid out of Social Security Administration funds. McGraw v. Barnhart, 450 F.3d 493, 497 (10th Cir. 2006).

Title 42 U.S.C. § 406 allows for recovery of attorney's fees for representation of individuals claiming Social Security benefits, both at the administrative level and in court. "The statute deals with the administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court." Gisbrecht v. Barnhart, 535 U.S. 789, 794, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002). For representation of a benefits claimant at the administrative level, an attorney may file a fee agreement with the agency in advance of a ruling on the claim for benefits. Section 406(a). If the ruling on the benefits claim is favorable to the claimant, the agency will generally approve the fee agreement subject to a limitation that the fees may not exceed the lesser of 25% of past due benefits or $5,300.00. Gisbrecht, 535 U.S. at 795. For proceedings in court, when a judgment favorable to the benefits claimant is rendered, the court "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of past due benefits to which the claimant is entitled by reason of such judgment." Section 406(b)(1)(A). The fee is payable "out of, and not in addition to, the amount of [the] past due benefits." *Id.* Finally, although fees can be awarded under both the EAJA and § 406(b), Congress has precluded receipt of attorney fees for the same services provided under the EAJA and the Social Security Act. *See* § 406(b)(1)(A).

In 2002, the Supreme Court held that the provision of § 406(b) that limits attorney fees to 25% of past due benefits was designed to control, and not to displace, contingency fee agreements that are within the statutory ceiling. Gisbrecht, 535 U.S. at 808–09. The Court concluded that § 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807. Accordingly, within the "25 percent boundary" permitted by § 406(b), the "attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.*

The Supreme Court did not specifically define the factors that lower courts should consider when determining the reasonableness of a § 406(b) fee. It did, however, note with approval the approach of courts that have reduced an attorney's recovery based on the character of the attorney's representation and the results the representation achieved. *Id.* at 808 (citing McGuire v. Sullivan, 873 F.2d 974, 983 (7th Cir. 1989)). For example, if an attorney is responsible for delay, a reduction may be in order to prevent the attorney from profiting from the accumulation of benefits during the case's pendency. *Id.* (citing Rodriguez v. Brown, 865 F.2d 739, 746 (6th Cir. 1989)). In addition, "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order." *Id.* (citing Rodriguez and Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990)).

Cases decided since Gisbrecht have generally been deferential to the terms of contingent fee contracts, accepting de facto hourly rates that exceed those for non-contingent fee cases. *See, e.g.*, Joslyn v. Barnhart, 389 F. Supp. 2d 454 (W.D.N.Y. 2005) (awarding de facto hourly rate of $891); McPeak v. Barnhart, 388 F. Supp. 2d 742 (S.D.W. Va. 2005) (approving $681); Hearn v. Barnhart, 262 F. Supp. 2d 1033 (N.D. Cal. 2003) (approving $450); Boyd v. Barnhart, 2002 U.S. Dist. LEXIS 26690 (E.D.N.Y. 2002) (approving $455); Dodson v. Barnhart, 2002 U.S. Dist. LEXIS 27408 (W.D. Va. 2002) (approving $694); Coppett v. Barnhart, 242 F. Supp. 2d 1380 (S.D. Ga. 2002) (approving $350). Additionally, the undersigned notes that cases in this District have resulted in similar results. *See, e.g.*, Jones v. Astrue, Case No. 3:04cv362/MCR/EMT (approving $1,027.50 on February 28, 2008 (Docs. 41, 42)); Lambert v. Barnhart, Case No. 3:03cv302/RV/MD (approving $982 on September 5, 2006 (Docs. 26, 27)); White v. Barnhart, 3:02cv78/LAC/MD (approving $741.81 on February 9, 2005 (Docs. 32, 33)). Moreover, in another case in this District, the court reduced a

requested fee, but still awarded the petitioner a fee based on an effective hourly rate of $1,250.00, in a case in which plaintiff prevailed in this court, but on an issue identified by the magistrate judge, not by counsel. Lindsey v. Barnhart, 3:99cv475/RV/MCR (N.D. Fla. 2003).

In the instant case, the court notes that an award of $13,106.50 would be equivalent to a de facto hourly rate of $286.00 ($13,106.50/45.90 hours). The court further notes, however, that the time sheets submitted by Petitioner suggest that 45.90 hours may not have been necessary to successfully prosecute this action. For example, Petitioner asserts that 35.4 hours were expended in preparing the memorandum in support of Plaintiff's complaint (*see* Doc. 29, Ex. 1 at 8). This particular time expenditure is greater than that normally claimed by counsel with a level of experience comparable to that of Petitioner. Nevertheless, even if the court were to conclude that only half the time claimed by Petitioner is reasonable and compensable, Petitioner's de facto hourly rate would then be $571.00 ($13,106.50/22.95 hours), which is in line with or below those rates approved in the post-Gisbrecht decisions discussed *supra*.[4]

III.  CONCLUSION

The undersigned finds that the fee requested, being the fee contemplated in the fee agreement between Plaintiff and Petitioner, while high, is in line with other reported post-Gisbrecht decisions, and is reasonable. In pertinent part, the court notes that there is no dispute as to whether the amount requested is within the statutory and contract-based maximum of 25% of past due benefits. Moreover, there is no allegation of undue delay by Petitioner, and she has represented Plaintiff for some time on a contingency basis, all the while assuming a risk that she would recover no fee for her services. Additionally, the court cannot fault the character of the representation provided by Petitioner in this case, as Petitioner was effective in achieving a remand in this court, which ultimately led to a favorable disability determination by the Commissioner and resulted in a sizable benefits award to Plaintiff. Finally, even if the hours claimed by Petitioner are somewhat high, the de facto hourly rate for substantially lesser hours remains reasonable and in line with or below post-

---

[4]The undersigned has not concluded that Petitioner should have claimed only half the time she has claimed. This figure was used for illustrative purposes only. It should be noted, however, that the Commissioner stated in a related pleading in this action "that a more appropriate total number of hours billed for the entire case would be in the 25 hour range" (Doc. 31 at 2). If the Commissioner's assertion is accurate, Petitioner's de facto hourly rate would be $524.26 ($13,106.50/25 hours), which is also in line with the post-Gisbrecht decisions.

Case No.: 3:07cv245/LAC/EMT

<u>Gisbrecht</u> decisions. In short, the court is persuaded that Petitioner has met her burden of showing that her request for $13,106.50 in attorney's fees is reasonable.

Therefore, Petitioner should refund to Plaintiff any fee that she may be awarded under the EAJA, and she should be awarded $13,106.50 pursuant to Section 406(b).

Accordingly, it is respectfully **RECOMMENDED**:

1. That Petitioner's Motion for Authorization for Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Doc. 29) be **GRANTED**. Petitioner should be awarded attorney's fees in the amount of $13,106.50, to be paid out of the sums withheld by the Commissioner from Plaintiff's past due benefits.

2. That upon receipt of attorney's fees in the amount of $13,106.50 pursuant to 42 U.S.C. § 406(b), Petitioner shall immediately refund to Plaintiff any fee awarded under the EAJA.

At Pensacola, Florida, this 19<u>th</u> day of November 2008.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* **28 U.S.C. § 636;** <u>United States v. Roberts</u>**, 858 F.2d 698, 701 (11th Cir. 1988).**